NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LAURO VICENTE MARCA LEMU, | |
| Petitioner | |
| | Civil No. 25-17098 (RMB) |
| v. | |
| LUIS SOTO, et al., | OPINION |
| Respondents | |

**BUMB, CHIEF UNITED STATES DISTRICT JUDGE**

This matter comes before the Court upon Petitioner Lauro Vicente Marca Lemu's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Petition, Dkt. No. 1), Respondents' answer to the petition (Answer, Dkt. No. 7), and Petitioner's reply brief (Dkt. No. 8.)  For the reasons discussed below, the Court will grant the petition.

**I.      BACKGROUND**

Petitioner is a citizen of Ecuador.  ("2025 Form I-213" Dkt. No. 7-1.) Petitioner's immigration records indicate that he attempted to enter the United States on October 16, 1999, and when he encountered immigration officials, he provided a false alias and claimed to be a citizen of Mexico.  (*Id.* at 3.)  Upon this encounter, Petitioner was granted "Voluntary Return," but he unlawfully reentered the United States at an unknown time and place.  (*Id.*)

1

Petitioner was arrested in Kings County, New York in January 2014. (Petition ¶ 15; "Certificate of Disposition" Dkt. No. 1-2.) ICE issued a detainer and a warrant for his arrest. (Petition ¶ 15; "Detainer" Dkt. No. 1-3; "Warrant" Dkt. No. 1-4.) In February 2014, Petitioner pled guilty to driving under the influence of alcohol and received a sentence of one-year conditional discharge, ninety-day license suspension, and $300 fine. (Petition ¶ 15; Certificate of Disposition.) On January 23, 2014, DHS issued him a Notice to Appear and initiated removal proceedings against him as being present in the United States without admission or parole under 8 U.S.C. § 1182(a)(6)(A)(i). ("Notice to Appear" Dkt. No. 7-3.) ICE took Petitioner into custody, but shortly thereafter released him on bond of $10,000. (Petition ¶ 15; "Notice of Custody Determination" Dkt. No. 1-5; "Immigration Bond" Dkt. No. 1-6.) Petitioner's removal proceedings were administratively closed on September 4, 2015, subject to a motion to recalendar the case. ("Order of Immigration Judge" Dkt. No. 7-4.) ICE canceled the immigration bond shortly thereafter. (Petition ¶ 16; "Bond Cancellation Notice" Dkt. No. 1-9.) Petitioner then maintained gainful employment, paid his taxes, and had no further encounters with law enforcement. (Petition ¶ 16.)

Petitioner is now the father of a six-year-old son, who is a United States citizen. (Petition ¶ 9; "Birth Certificate" Dkt. No. 1-1.) On October 7, 2025, ICE Enforcement and Removal Operations ("ERO") and the Federal Bureau of Investigation encountered Petitioner near his job site in Bronx, New York, and took him into custody. (2025 Form I-213 at 2.) The following day, the Department of

2

Homeland Security ("DHS") filed a motion to recalendar Petitioner's removal proceedings. ("DHS Mot." Dkt. No. 7-5.) When he filed the present habeas petition, Petitioner was detained at the Delaney Hall Detention Facility in Newark, New Jersey, (Petition ¶ 2.) His removal proceedings are ongoing. ("Notice of Internet Based Hearing" Dkt. No. 7-6.)

## II. DISCUSSION

### A. Statutory Framework

The issue presented is whether Petitioner's detention by immigration authorities is governed by 8 U.S.C. § 1225(b)(2)(A) or 8 U.S.C. § 1226(a). This Court has jurisdiction under 28 U.S.C. § 2241(c)(3).

#### 1. 8 U.S.C. § 1225

The descriptive heading for § 1225 is "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing." Pertinent here, 8 U.S.C. § 1225(b)(2)(A) provides:

> (b) Inspection of applicants for admission . . .
>
> (2) Inspection of other aliens
>
> (A) In general
>
> Subject to subparagraphs (B) and (C),[1] in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be

---

[1] Subparagraph (B) excludes alien crewman, aliens to whom paragraph 1, , applies, and stowaways. Subparagraph (C) governs the treatment of aliens arriving on land from a foreign territory contiguous to the United States.

> admitted, the alien shall be detained for a proceeding under section 1229a [removal proceedings] of this title.

Subparagraph (B) excludes: (1) alien crewman; (2) aliens to whom paragraph 1, "Inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled[,]" applies; and (3) stowaways. Subparagraph (C) governs the treatment of aliens arriving on land from a foreign territory contiguous to the United States. § 1225(b)(2)(B), (C).

The term "applicants for admission" is defined as

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

8 U.S.C. § 1225(a)(1).

### 2.  8 U.S.C. § 1226

The descriptive heading for § 1226 is "Apprehension and detention of aliens." 8 U.S.C. § 1226(a) provides:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on—

4

> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole; but
>
> (3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

### B.   Statutory Interpretation

The Administrative Procedure Act, 5 U.S.C. § 706, requires reviewing courts to interpret statutory provisions. Reviewing courts must set aside agency actions that are found to be unlawful. 5 U.S.C. § 706(2)(A). "[I]n short, . . . courts must exercise independent judgment in determining the meaning of statutory provisions." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 391 (2024). "[C]ourts use every tool at their disposal to determine the best reading of the statute and resolve the ambiguity." *Id.* at 373.

### C.   Analysis

To begin the statutory interpretation based on the plain text of the two statutory provisions, § 1225(b) governs inspection of aliens and § 1226(a) governs arrest and detention of aliens. The fact that Petitioner falls within the definition of § 1225(a)(1) "[a]n alien present in the United States who has not been admitted" does not remove him from the purview of § 1226(a), because an alien "who is present in the United States and has not been admitted" may subsequently be arrested without

5

seeking admission from an examining immigration officer. Petitioner was not "seeking admission" from an examining immigration officer on October 7, 2025, he had been living in the United States unlawfully for many years, has a son who is a United States citizen, and he was arrested near his job site.

This plain language interpretation of the statute comports with the Supreme Court's discussion of these two statutory provisions within the framework of the overall immigration policy of the United States. *See Jennings v. Rodriguez*, 583 U.S. 281 (2018). The Court cogently explained, "to implement its immigration policy, the Government must be able to decide (1) who may enter the country and (2) who may stay here after entering." *Id.* at 286. Referring to § 1225, the Court stated the "process of decision generally begins at the Nation's borders and ports of entry, where the Government must determine whether an alien seeking to enter the country is admissible." *Id.* at 287. To make that determination, "[a]pplicants for admission must be inspected by immigration officers to ensure that they may be admitted into the country consistent with U.S. immigration law." *Id.*

The Court also recognized that "even once inside the United States, aliens do not have an absolute right to remain here" and that includes "aliens who were inadmissible at the time of entry." *Id.* at 288. "Section 1226 generally governs the process of arresting and detaining that group of aliens pending their removal." *Id.* The default rule under § 1226(a) authorizes "[t]he Attorney General [to] issue a warrant for the arrest and detention of an alien "pending a decision on whether the alien is to be removed from the United States." *Id.* "[T]he Attorney General 'may

6

release' an alien detained under § 1226(a) 'on ...bond' or 'conditional parole.'" *Id.* (quoting § 1226(a)).

Respondents rely on the BIA's interpretation of § 1225(b) in *Matter of Yajure Hurtado*. (Answer at 8, Dkt. No. 7.) They acknowledge, however, that "[s]everal district courts have addressed ICE's interpretation of § 1225(b)(2) since early July 2025, and while some courts have adopted it, the vast majority have not." (*Id.* at 12, n. 7.) This Court agrees with those who have not. As discussed above, ICE's interpretation is "contrary to the plain text of the statute and the overall statutory scheme." *Romero v. Hyde*, No. 25-11631, 2025 WL 2403827, at 1 (D. Mass. Aug. 19, 2025). "By reading [the] phrase [seeking admission] out of the statute, Respondents' interpretation of § 1225 clearly violates the rule against surplusage." *Lopez Benitez v. Francis*, No. 25-5937 (DEH), 2025 WL 2371588, at *6 (S.D.N.Y. Aug. 13, 2025) (citation modified). Even if a noncitizen meets the statutory definition of applicant for admission, "the phrase 'seeking admission' cannot reasonably be stretched to encompass someone who entered the country years ago[,]" who was not seeking anything at the time of apprehension but was "simply present in the United States." *Esparza v. Knight*, No. 1:25-CV-00601-BLW, 2025 WL 3228282, at *6 (D. Idaho Nov. 19, 2025). Therefore, Petitioner is not lawfully detained under § 1225(b)(2)(A), but may be detained under § 1226(a). Under § 1226(a) and 8 C.F.R. § 236.1(d), Petitioner is entitled to a bond hearing.

## III.   CONCLUSION

For the reasons discussed above, the Court will grant the petition and order Respondents to provide Petitioner a bond hearing.

An appropriate order follows.

Dated: December 3, 2025

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**Chief United States District Judge**
